■ In the Matter of IRVING V. A. HUIE et al., Constituting the BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property on Behalf of the City of New York, in the County of Sullivan for the Purposes of Providing an Additional Supply of Water for the

use of the City of New York. ABE FURMAN, Respondent.— *Per Curiam.* The City of New York appeals from an order of the Supreme Court at Special Term which directed Commissioners of Appraisal having jurisdiction in the premises to hear and determine a claim for damages arising from the acquisition in a proceeding instituted under its Water Supply Act (Administrative Code of City of New York, tit. K) of an easement in perpetuity to divert a portion of the Neversink River from premises owned by respondent. Concededly no claim for damages to his property was exhibited and presented to the Commissioners of Appraisal within the three-year period prescribed by the act (§ K41–18.0, now § K51–18.0). In a prior memorandum decision Special Term determined that these omissions barred the claim. From the order entered thereon claimant took no appeal. Subsequently upon an application which was treated as one for reargument and renewal of the initial motion the relief originally sought was granted solely upon the predicate of *Schroeder* v. *City of New York* (371 U. S. 208) which held the notice provisions of the statute to be constitutionally deficient. In our view respondent's knowledge of the condemnation proceeding, of his right to assert a claim against the city for damages and of the time limitation provided by the statute for its presentation, clearly demonstrated by the record, distinguishes this case from *Schroeder.* Order reversed, on the law and the facts, without costs; and motion denied, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.